# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00025-CV

**Jerry Scarbrough, Denise Steele, and Melissa Victoria Deaton, Appellants**

**v.**

**Helen Purser, Sue E. Purser a/k/a Sue E. Van Zanten, Gary W. Purser, Jr., Joann M. Purser, and Elizabeth H. Tipton, Appellees**

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT NO. 236,117-B, HONORABLE ALAN MAYFIELD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellees filed a motion to abate this appeal to supplement the record with certain deposition testimony presented to the jury by video but not transcribed into the court reporter's record. Appellants Denise Steele, Jerry Scarbrough, and Melissa Victoria Deaton oppose the motion.

Appellants and appellees agreed at trial that the reporter would not transcribe videotaped deposition testimony from Steele, Scarbrough, Deaton, and Dr. Sharon Barber (Gary Purser, Sr.'s treating physician). The parties disagree about whether these witnesses' depositions were provided to the court reporter Angela Ralston, but Ralston has notified us that she has the excerpts of the deposition testimony provided to her at trial. Ralston states that she can scan the excerpts given to her at trial and provide them to us as a supplemental volume of the reporter's record.

Appellees contend that the missing testimony from Steele, Scarbrough, Deaton, and Barber is relevant, the record should be supplemented with it, and the appellate rules allow such supplementation. We agree. Texas Rule of Appellate Procedure 34.6(d) states that "[i]f anything relevant is omitted from the reporter's record, the trial court, appellate court, or any party may by letter direct the court reporter to prepare, certify, and file in the appellate court a supplemental reporter's record containing the omitted items." Tex. R. App. P. 34.6(d); *see also* Tex. R. App. P. 34.6(e) (allowing for correction of inaccuracies in reporter's record when parties' dispute about correction of reporter's record arises after its filing in appellate court); *In re Estate of Arrendell*, 213 S.W.3d 496, 500 (Tex. App.—Texarkana 2006, no pet.) (concluding that record may be considered inaccurate "when a portion is omitted—either because not taken or because taken but not transcribed"); *Rogers v. Cigna Ins. Co.*, 881 S.W.2d 177, 180-81 (Tex. App.—Houston [1st Dist.] 1994, no writ) (allowing record to be supplemented with deposition transcriptions that had been produced in discovery).

We therefore grant appellees' motion and abate this appeal for Ralston's supplementation of the reporter's record with the excerpts of testimony from Steele, Scarbrough, Deaton, and Barber. *See* Tex. R. App. P. 34.6(d). The supplemental volume shall be filed with this Court no later than May 19, 2014. The appeal will be reinstated after the filing of the supplemental reporter's record.

Before Chief Justice Jones, Justices Rose and Goodwin

Abated

Filed:  April 18, 2014